IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT McBRIDE,** )
)
    **Plaintiff,** )
)
vs. ) Case No.: 3:13-cv-01175-JPG-DGW
)
**CSX TRANSPORTATION, INC.,** )
)
    **Defendant.** )

## COMPLAINT

### COUNT I
### (Federal Locomotive Inspection Act)

COMES NOW the Plaintiff, ROBERT McBRIDE, by and through his attorneys, Kujawski Marcus, LLC, and for his Complaint against the Defendant, CSX TRANSPORTATION, INC., states as follows:

    1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51 et. seq., and the Railroad Locomotive Inspection Act, 49 U.S.C. Section 20701 et. seq. as hereinafter more fully shown.

    2. That at all times mentioned herein, the Defendant, CSX TRANSPORTATION, INC., was and is a corporation and was controlled, operated, and maintained in interstate commerce and engaged in transporting interstate commerce by rail between various states including the states of Illinois, Indiana, and Kentucky.

    3. That on or about October 12, 2012, or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, ROBERT McBRIDE, was

an employee of the Defendant, CSX TRANSPORTATION, INC., and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, the Plaintiff was employed by the Defendant as a locomotive engineer, and as such was in the performance of his duties at all times relevant herein.

6. That on or about October 12, 2012, or on a date known more certainly to the Defendant, the Plaintiff was injured while operating Locomotive CSXT590 in Hopkinsville, Kentucky, when his locomotive seat collapsed and broke.

7. That at said time and place, the Defendant, CSX TRANSPORTATION, INC., by and through its agents, servants, and employees, violated the Locomotive Inspection Act, 49 U.S.C. Section 20701, in that Defendant failed to provide the Plaintiff with a locomotive and it's appurtenances which were in proper condition and safe to operate in the service to which it was put, by committing one or more of the following acts or omissions in violation of the Act, to wit:

(a) Used and/or allowed to be used on its line a bad-ordered locomotive;

(b) Required Plaintiff to use a bad-ordered locomotive;

(c) Allowed to be used on its railroad line, a locomotive with a defective seat;

(d) Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats; and

        (e)       Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear, and other structural infirmities.

8. That as a result, in whole or in part, of one or more of the above and foregoing violations of the Railroad Locomotive Inspection Act, the Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when his locomotive cab seat collapsed and broke, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues of his right shoulder, vertebrae, joints, and discs of the spine; neck, and back, an aggravation of a pre-existing condition; that he has sustained psychological and/or emotional injuries; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, ROBERT McBRIDE, prays judgment against the Defendant CSX TRANSPORTATION, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

### PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT II
### (Federal Employers' Liability Act – Negligence)

COMES NOW the Plaintiff, ROBERT McBRIDE, by and through his attorneys, Kujawski Marcus, LLC, and for this Count of his Complaint against the Defendant, CSX TRANSPORTATION, INC., states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C. Sections 51 <u>et. seq.</u>, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant, CSX TRANSPORTATION, INC., was and is a corporation and was controlled, operated, and maintained in interstate commerce and engaged in transporting interstate commerce by rail between various states including the states of Illinois, Indiana, and Kentucky.

3. That on or about October 12, 2012 or on a date known more certainly to the Defendant, and at all times mentioned herein, the Plaintiff, ROBERT McBRIDE, was an employee of the Defendant, CSX TRANSPORTATION, INC., and had been for several years prior thereto.

4. That at all times mentioned herein, all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5. That on or about the above-said date, and at all times relevant herein, the Plaintiff was employed by the Defendant as a locomotive engineer, and as such was in the performance of his duties at all times relevant herein.

6. That on or about October 12, 2012, or on a date known more certainly to the Defendant, the Plaintiff was injured while operating Locomotive CSXT590 in Hopkinsville, Kentucky, when his locomotive seat collapsed and broke.

7. That at said time and place, the Defendant, CSX TRANSPORTATION, INC., by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following negligent acts or omissions, to wit:

    (a) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    (b) Allowed to be used on its railroad line, a bad-ordered locomotive;

    (c) Required Plaintiff to operate a bad-ordered locomotive;

    (d) Allowed to be used on its railroad line, a locomotive with a defective cab seat;

    (e) Violated 49 C.F.R. Section 229.119 in that Defendant failed to securely mount and brace its cab seats; and

    (f) Violated 49 C.F.R. Section 229.45 in that Defendant failed to provide locomotive components free of conditions that endanger the safety of the crew in that Defendant's cab seat and components contain cracks, breaks, excessive wear, and other structural infirmities.

8. That as a result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when his locomotive cab seat collapsed and broke, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues of his right shoulder, vertebrae, joints, and discs of the spine; neck, and back, an

aggravation of a pre-existing condition; that he has sustained psychological and/or emotional injuries; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has lost and will continue to lose large sums of money from his usual occupation; that Plaintiff has sustained a permanent impairment of his earning capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to Plaintiff's damages.

WHEREFORE, the Plaintiff, ROBERT McBRIDE, prays judgment against the Defendant CSX TRANSPORTATION, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for damages sustained herein plus costs of this suit, plus pre-judgment interest.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**KUJAWSKI MARCUS, LLC**

By:  s/ Robert P. Marcus
**ROBERT P. MARCUS, IBN 6277965**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:  (618) 622-3600
Facsimile:   (618) 622-3700
**ATTORNEYS FOR PLAINTIFF**